IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                              )<br>)<br>JAMES LEONARD LANDRY,                    )<br>)<br>            Petitioner.                       )<br>_____) | Criminal Case No. 2:16cr171 (RCY)<br>Civil Action No. 2:19cv101 (RCY) |

## **MEMORANDUM OPINION**

Petitioner, James Leonard Landry, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 64) to vacate, set aside, or correct his sentence. He also filed a separate Memorandum in Support of § 2255 Motion (ECF No. 77). The United States responded (ECF No. 81). Landry also filed a Reply to Response (ECF No. 83), a Memorandum in Support of Reply (ECF No. 87), and a Motion for Leave to Amend § 2255 Motion (ECF No. 92).[1]

Landry's Motion for Hearing (ECF No. 97), previously taken under advisement, will be denied. The Court finds that the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.

In his § 2255 Motion, Landry demands relief upon the following grounds:

---

[1] Landry also filed a Motion for Default Judgment (ECF No. 82) and a Motion to Strike (ECF No. 83), but these were denied by the Court by Order issued on September 10, 2021 (ECF No. 100).

Claim One   Denial of Sixth Amendment Right to Effective Assistance of Counsel – Trial Counsel.  (§ 2255 Mot. 4.[2])  The purported ineffective assistance regarding trial counsel was as follows:

(1)   Trial counsel "failed to perform adequate pre-trial investigation or offer possible defenses as to how pornographic images got on the computer." (ECF No. 64-2[3] at 1.)

(2)   Trial counsel "failed to perform adequate discovery." (*Id.*)

(3)   Trial counsel "failed to file a motion to suppress evidence." (*Id.* at 2.)

(4)   Trial counsel "failed to investigate or present mitigating factors." (*Id.*)

(5)   Trial counsel "failed to review information regarding Movant's legal history." (*Id.*)

(6)   Trial counsel "failed to provide Movant with a copy of the Pre-Sentence Investigation Report (PSR), as amended, or review it with Movant." (*Id.* at 3.)

(7)   Trial counsel "failed to discuss Movant's rights regarding plea and plea agreement with Movant." (*Id.*)

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions.

[3] Landry's § 2255 Motion consists of the following documents: Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (AO Form 243), ECF No. 64; In forma Pauperis Affidavit, ECF No. 64-1; Attachment to Motion under 28 U.S.C. § 2255 related to Claim One, against Trial Counsel, including Exhibits, ECF No. 64-2; a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (AO Form 243), ECF 64-3 (pages 1–13); Attachment to Motion under 28 U.S.C. § 2255 related to Claim Two, against Appellate Counsel, ECF No. 64-3 (pages 14–16); Exhibits to Attachment related to Claim Two, against Appellate Counsel, ECF No. 64-4.  The Court has also reviewed and considered Landry's separate Memorandum in support of § 2255 Motion (ECF No. 77), which expounds upon the arguments in ECF Nos. 64 – 64-4), his Reply to Response (ECF No. 83), and his Memorandum in support of Reply (ECF No. 87).

    (8) Trial counsel "had a conflict of interest during representation of Movant." (*Id*. at 4.)

    (9) Trial counsel's "overall performance amounted to constructive denial of counsel." (*Id*.)

Claim Two Denial of Sixth Amendment Right to Effective Assistance of Counsel – Appellate Counsel. (§ 2255 Mot. 5.)

    (1) Appellate counsel "failed to contact or correspond with Movant." (ECF No. 64-3 at 14.)

    (2) Appellate counsel "failed to file petition for Writ of Certiorari with the U.S. Supreme Court. (*Id*.)

    (3) Appellate counsel "failed to raise issue of ineffective assistance of trial counsel on appeal." (*Id*.)[4]

For the reasons stated herein, the Court will grant Claim Two (2) as set forth herein. All other claims and the Motion for Leave to Amend § 2255 Motion (ECF No. 92) will be dismissed without prejudice.

## I. Procedural History

On December 1, 2016, Landry was arrested on a criminal complaint charging him with the receipt and possession of visual depictions of minors engaging in sexually elicit conduct. (ECF Nos. 3, 8.) Landry initially requested court-appointed counsel, and counsel was appointed. (ECF Nos. 8, 10.) Landry then retained counsel, Shawn M. Cline, after which Cline filed a Notice of Appearance, and the Court granted the Motion to Substitute Attorney. (ECF Nos. 12, 13, 14, 15.) On December 5, 2016, Landry

---

[4] Landry's three claims against his appellate counsel are stated in a different order in his separate Memorandum in Support of § 2255 Motion (ECF No. 77). The Court maintains the numbering and order set forth in his § 2255 Motion. *See supra* note 3.

waived his right to a preliminary hearing, a detention hearing was held, and the Court ordered Landry detained. (ECF Nos. 15, 16.)

On December 22, 2016, a grand jury indicted Landry for three counts of Receipt of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2), and one count of Possession of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). (Indictment, ECF No. 17 at 1.) Because of Landry's prior state conviction, he faced a mandatory minimum sentence of 15 years of imprisonment, up to a maximum of 40 years imprisonment, with regard to Counts One through Three. 18 U.S.C. §§ 2252(a)(2) & (b)(1). Because of Landry's prior state conviction, he faced a mandatory minimum sentence of 10 years of imprisonment, up to a maximum of 20 years imprisonment, with regard to Count Four. 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2). At Landry's arraignment on December 28, 2016, Landry pled not guilty to the charges in the Indictment, and the Court scheduled a jury trial March 7, 2017. (ECF No. 20.)

On January 26, 2017, the Court was notified that Landry would be entering a guilty plea, and the plea hearing was scheduled for February 13, 2017. On February 13, 2017, Landry pled guilty to Count Four of the Indictment. (Plea Agreement, ECF No. 23 ¶ 1.) The parties agreed that "[s]hould the Court find that defendant's prior conviction under Virginia Code § 18.2-370 relate [sic] to the aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor or ward, the maximum penalties for this offense are a mandatory minimum term of imprisonment of ten (10) years, a maximum term of twenty (20) years of imprisonment . . ." but "[s]hould the Court find that

4

defendant's prior conviction under Virginia Code § 18.2-370 does not relate to the aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor or ward, the maximum penalties are a maximum term of twenty (20) years of imprisonment . . . ." (*Id.*) Thus, the parties agreed that they would litigate this issue before the district court. The parties also agreed that Landry could "appeal the district court's determination as to whether defendant's prior conviction under Virginia Code § 18.2-370 relates to the aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor or ward, as provided in 18 U.S.C. § 2252(b)(2)." (*Id.* ¶ 6.) The Court conducted a plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted the plea. (ECF No. 80, Feb. 13, 2017 Tr. 1–24.) Landry acknowledged that the allegations in Count Four of the indictment and following facts were true and correct and that, had the matter gone to trial, the United States would have proven them beyond a reasonable doubt:

> 1. Between July 24, 2016, and August 20, 2016, an investigator from the Virginia Beach Police Department (VBPD) was conducting an undercover investigation into the sharing of images of minors engaging in sexually explicit conduct (SEC) on a peer-to-peer file sharing network. The investigator identified a computer with the IP address 71.120.148.148 ("Target IP") as sharing files of investigative interest because of their unique characteristics associated with images of minors engaging in SEC. The Target IP computer was sharing at least 5 images of minors engaging in SEC, which was confirmed based on the comparison of the SHA1 Hash Values of known images of minors engaging in SEC.
> 2. The investigator determined through a public query system that the Target IP was registered to Verizon Internet Services.
> 3. On July 28, 2016, the investigator submitted an administrative subpoena to Verizon Internet Services. The subscriber's information returned to an address in Virginia Beach, Virginia. Law enforcement later determined the address to be the home of JAMES LEONARD LANDRY.
> 4. Virginia Beach is located within the Eastern District of Virginia.

5. On October 5, 2016, law enforcement executed a search warrant issued from the Commonwealth of Virginia, Virginia Beach Circuit Court, at the residence of JAMES LEONARD LANDRY in Virginia Beach. Pursuant to the search warrant, law enforcement seized computers and computer media belonging to LANDRY.

6. Subsequent to the search warrant, a computer forensic analysis was performed on JAMES LEONARD LANDRY's computers and other computer media. This analysis revealed the presence of numerous video files of minors engaging in SEC. These include videos of prepubescent minors and at least one video file that contains sadistic or masochistic conduct.

7. The investigation and evidence reveal that on or about October 5, 2016, in Virginia Beach, within the Eastern District of Virginia, defendant JAMES LEONARD LANDRY did knowingly possess one or more matters, that is, an Asus laptop computer and a Hitachi hard drive contained therein, both of which were manufactured outside of the Commonwealth of Virginia, which contained visual depictions that had been mailed, and had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, namely using the Internet, and the production of such visual depictions involved the use of minors, including prepubescent minors and minors who had not attained 12 years of age, engaging in sexually explicit conduct, and such visual depictions are of such conduct, and the defendant has previously been convicted on or about February 16, 2005, of taking indecent [liberties] with children, in violation of Title 18.2 Section 370 of the Code of Virginia.

8. An example of the video files that were contained on the Asus laptop include the visual depiction bearing the name "9yo Suzi Q - Still Too Tight for Daddy to Fuck her.avi." The video is approximately three minutes long and depicts a prepubescent girl sitting on a desk. She is naked from the waist down. An adult male exposes his penis and has sexual intercourse with the girl.

9. LANDRY knew that the latter visual and other images contained on his computer and computer media were images depicting actual minors engaged [in] sexually explicit conduct.

10. The Internet is an interconnected network of computers with which one communicates when on-line, and that network crosses state and national borders.

11. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

(Statement of Facts, ECF No. 24.)

The parties filed briefs with regard to whether Defendant's prior conviction under Virginia Code § 18.2-370 relates to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, as provided in 18 U.S.C. § 2252(b)(2) and, on April 20, 2017, the parties appeared before the Honorable United States District Judge Henry C. Morgan for a hearing during which they were permitted to argue the issue. (*See* ECF Nos. 26 – 30, 32 – 38.) By Order issued on April 24, 2017, Judge Morgan found that the mandatory minimum provision in 18 U.S.C. § 2252(b)(2) properly applied to Landry. (ECF No. 39 at 2.)

Prior to sentencing, a probation officer prepared a Presentence Report ("PSR") (ECF No. 40). Under *United States Sentencing Guidelines* ("USSG") § 2G2.2(a)(1) (2016), Landry's Base Offense Level was 18. Specific Offense Characteristics added 15 additional points, and 3 points were deducted because Landry demonstrated timely acceptance of responsibility and pled guilty, resulting in a Total Offense Level of 30. (PSR ¶¶ 19–33.) Landry's Criminal History Category was I. This resulted in an advisory Guidelines range of 97 to 121 months but, because the statutory mandatory minimum sentence for the count to which Landry pled was 120 months, Landry's restricted Guidelines range was 120 to 121 months of imprisonment. (PSR ¶ 79.) On May 22, 2017, the Court sentenced Landry to 120 months of imprisonment. (J. 1–2, ECF No. 50.)

As provided in the Plea Agreement, Landry appealed to the United States Court of Appeals for the Fourth Circuit. (ECF No. 52.) Steven P. Hanna was appointed to represent Landry on appeal. (ECF No. 55; Order, *United States v. Landry*, No. 17-4355,

(4th Cir. 2017), ECF No. 10 (hereinafter App. ECF No.).)  After reviewing the record and conducting legal research, Hanna filed a brief regarding the prior conviction and the application of the enhanced mandatory minimum. (App. ECF No. 19.)

> As described by the Court of Appeals, Hanna argued, on behalf of Landry, that
>
> the district court erred in applying § 2252(b)(2) because . . . the statute that formed the basis of [Landry's] state conviction is divisible, and at least one portion of that statute—Va. Code Ann. § 18.2-370(B)—punishes conduct that does not categorically constitute the generic offense of sexual abuse of a minor, and no properly-considered documents demonstrate that he was convicted of a subsection of § 18.2-370 that does categorically involve the sexual abuse of a minor.

*United States v. Landry*, 733 F. App'x 693, 694 (4th Cir. 2018).  After considering Hanna's argument and "hypothetical scenarios" raised on appeal, the Court of Appeals held that "[b]ecause all conduct proscribed by Va. Code Ann. § 18.2-370 categorically involves abusive sexual conduct, the district court did not err in applying the mandatory minimum sentence mandated by 18 U.S.C. § 2252(b)(2)." *Id.* at 695–96.  The unpublished per curiam opinion and a Judgment Order were issued on May 15, 2018. (App. ECF Nos. 48, 49.)  The mandate was issued on June 6, 2018.  (App. ECF No. 51.)  No petition for writ of certiorari was filed. (ECF No. 81-2.)

One of the exhibits to Landry's § 2255 Motion is a copy of a letter that Landry contends he sent to Hanna, dated May 15, 2018, in which Landry states:  "If my appeal is denied, I want you to file a petition for a writ of certiorari with the Supreme Court.  Otherwise, file a motion to withdraw as my attorney.  Either way, I expect to hear something back from you soon."  (ECF No. 64-4 at 7.)  The parties agree, and the Court of Appeals docket for Landry's appeal, No. 17-4355, confirms, that a petition for writ of

certiorari was not filed. (ECF Nos. 64-3 at 14, 81 at 16.)

The United States Court of Appeals' website provides the following guidance with regard to "Certiorari Obligations:"

> The clerk's office transmits a certiorari status form to counsel when judgment is entered in a criminal of CJA case. The notice advices counsel of the time period for filing a petition for writ of certiorari and notifies counsel of their obligations under the court's CJA Plan, § 5, ¶ 2:
>
> Every attorney, including retained counsel, who represents a defendant in this court shall continue to represent his client after termination of the appeal unless relieved of further responsibility by this court or the Supreme Court. Where counsel has not been relieved:
>
> If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant. Thereafter, unless otherwise instructed by the Supreme Court or its clerk, or unless any applicable rule, order or plan of the Supreme Court shall otherwise provide, counsel shall take whatever further steps are necessary to protect the rights of the defendant, until the petition is granted or denied.
>
> If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari. The motion must reflect that a copy was served on the client.
>
> The certiorari status form, which must be returned to the clerk's office within 60 days of decision, confirms counsel's compliance with these certiorari obligations.

https://www.ca4.uscourts.gov/information-for/appointed-counsel/cja-cases/cja-representation.

## II. Claim Two (2):  Alleged Ineffectiveness of Appellate Counsel

In Claim Two (2), Landry contends that appellate counsel "failed to file petition for Writ of Certiorari with the U.S. Supreme Court." (ECF No. 64-3 at 14.)  Landry also contends that "[u]nder the Criminal Justice Act, [appellate counsel] had a duty to file a petition for Writ of Certiorari with the U.S. Supreme Court, or to file a motion with the court to withdraw as counsel for Movant.  He did neither." (*Id*.)  The United States contends that appellate counsel satisfied his obligations by "provid[ing] case materials and instructions to Landry on how to file for petition for writ of certiorari to the U.S. Supreme Court." (ECF No. 81 at 16.)  As noted above, the "Certiorari Obligations" of the Fourth Circuit include the following:

> If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari. The motion must reflect that a copy was served on the client.

https://www.ca4.uscourts.gov/information-for/appointed-counsel/cja-cases/cja-representation.  Landry also contends under penalty of perjury, and the United States does not contest, that Landry mailed a letter dated May 15, 2018, to appellate counsel requesting that he "file a petition for a writ of certiorari with the Supreme Court. Otherwise, file a motion to withdraw as my attorney." (ECF No. 64-4 at 7.)

Generally, a defendant has no constitutional right to the assistance of counsel to pursue a petition for writ of certiorari.  *See Wainright v. Torna*, 455 U.S. 586 (1982).  However, where the court rules define the duty of an appellate attorney regarding certiorari, counsel's failure to comply with such rules can provide a basis for a claim of

10

ineffective assistance of counsel. *See United States v. King*, 11 F. App'x 219, 220–21 (4th Cir. 2001). The Fourth Circuit's Local Rule 46(d) and the Fourth Circuit's CJA Plan both require appointed counsel to inform clients in writing of the right to petition for certiorari and, if so requested, to either file a petition for writ of certiorari or move to withdraw, serving that motion to withdraw on the client. Appellate counsel did neither in this case, thus violating the Fourth Circuit's Local Rule and its CJA Plan.[5] The failure to do so demonstrates both deficiency and prejudice. *See Proffitt v. United States*, 549 F.2d 910, 912-13 (4th Cir. 1976). Accordingly, Claim Two (2) will be granted to the extent that the Court finds that Landry was denied effective assistance of appellate counsel in pursuing a petition for a writ of certiorari.

The appropriate remedy for counsel's omission, according to the Supreme Court of the United States, is the reentry of the judgment of the court of appeals affirming the original conviction and sentence. *See Wilkins v. United States*, 441 U.S. 468, 469 (1979); *United States v. Smith*, 321 F. App'x 229, 232 (4th Cir. 2008) (citing *Wilkins* and noting that "[w]hen counsel has failed to fulfill its CJA obligations with respect to the matter of certiorari, the Supreme Court noted that a circuit court could vacate and reenter judgment to permit a defendant to file a timely petition for certiorari.").

This Court lacks the authority to grant such a remedy. Rather, Landry must make a motion in the Fourth Circuit to recall the mandate and vacate and reenter the judgment

---

[5] Appellate counsel's affidavit indicates that he was unaware of his obligations under the CJA Plan. He states that he "sent case materials to the client with instructions on how to file for a petition for writ of certiorari." He does not state that he moved to withdraw but claims instead that "[t]here was nothing to prevent Mr. Landry from filing a *pro se* petition for a writ for certiorari." (ECF No. 81-2 at 1.)

affirming his original conviction and sentence. Landry may also move the Fourth Circuit to appoint him counsel to assist him. Accordingly, Landry's § 2255 Motion will be granted as to Claim Two (2) to the extent that the Court finds that Landry was denied effective assistance of appellate counsel in pursuing a petition for a writ of certiorari.

### III. Other Claims and Motions

In the circumstances where a court grants a petitioner's § 2255 motion based upon a counsel's failure to file a direct appeal, the Fourth Circuit has stated it is "inappropriate" for the court to take action on any of the remaining claims in the § 2255 motion. *United States v. Killian*, 22 F. App'x 300, 301 (4th Cir. 2001). Rather, "the district court should . . . dismiss[] the remaining claims without prejudice to [the defendant's] right to file another habeas motion, if necessary, after a direct appeal." *Id.* The present analogous circumstances warrant similar action with respect to Landry's remaining claims for § 2255 relief. Accordingly, Landry's remaining claims will be dismissed without prejudice, and the Motion for Leave to Amend § 2255 Motion (ECF No. 92) will be denied without prejudice.

### IV. Conclusion

For the reasons set forth herein, Claim Two (2) of Landry's § 2255 Motion will be granted to the extent that the Court finds that Landry was denied effective assistance of appellate counsel in pursuing a petition for a writ of certiorari. Landry's remaining claims, Claims One (1), (2), (3), (4), (5), (6), (7), (8), and (9), and Claims Two (1) and (3), will be dismissed without prejudice, and the Motion for Leave to Amend § 2255

Motion (ECF No. 92) will be denied without prejudice. As noted previously herein, Landry's Motion for Hearing (ECF No. 97) will be denied.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: October 20, 2021

13